

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

May 10, 1948

Hon. Sam Lee,
County Attorney,
Brazoria County,
Angleton, Texas

Opinion No. V-563

Re: Authority of County Clerk to
record a brand which is on
cattle transferred from anoth-
er county when such brand has
been previously recorded in
his county.

Dear Sir:

We refer to your letter of April 14, 1948, in
which you submit the questions:

QUESTION NO. I

"May two persons have the same figure as
a brand, but place it at a different point on
the animal's body?

QUESTION NO. II

"If cattle are moved from one county to
another county and when the owner goes to re-
cord his brand in the new county and finds
another brand recorded and which was recorded
at a time later than the brand of the person
who transferred the cattle in his original
county, will the owner who transferred the
cattle have to change his brand in order to
comply with the statute that no two persons
can have the same brand. In other words, when
the person who transferred the cattle goes in-
to the Clerk's Office to record his brand, can
the Clerk record the same when he already has
such a brand legally recorded in the name of
another person?"

Article 6899d, V. C. S., reads:

"This Act shall apply to Brazoria County
only. In said County each owner of any live-
stock mentioned in Chapter 1 of Title 121, of

the Revised Civil Statutes of Texas, of 1925 shall within six (6) months after this Act takes effect have his mark and brand for such stock recorded in the office of the County Clerk of said County.  Such owners shall so record such marks and brands whether the same have been heretofore recorded or not.  The owner shall have the right to have his mark and brand recorded in his name who according to the present records of said County first recorded the same in the County, or in event it can not be ascertained from the records who first recorded same in the County, then the person who has been using such mark and brand the longest shall have the right to have the same recorded in his name.  After the expiration of six (6) months from the taking effect of this Act all records of marks and brands now in existence in said County shall no longer have any force or effect and after the expiration of six (6) months only the records made after this Act takes effect shall be examined or considered in recording marks and brands in said County.  Immediately upon the taking effect of this Act the County Clerk of said County shall have this Act published in some newspaper of general circulation in the County for a period of thirty (30) days, which publication shall be paid for by the County out of the General County Fund.  Acts 1939, 46th Leg., Spec. L., p. 516, § 1."

Article 1486, V. P. C., reads:

"Any county clerk who shall record any brand when the person having the same recorded fails to designate the part of the animal upon which the same is to be placed shall be fined not less than ten or more than fifty dollars."

We quote from Attorney General's Opinion No. O-1114 referred to by you in your request:

". . . we hold the opinion that you were correct in advising your county clerk that it is possible for two persons to have the same figure as a brand, if they place it at a distinctively different place on the animal's body."

        In view of the foregoing, if a brand is recorded in Brazoria County, which record designates the place on an animal where such brand shall be placed, another owner may not have the same brand recorded to be placed at the same designated place on an animal; but may record the same figure, letter or character to be placed at a different designated place on such animal.

### SUMMARY

        If a brand is recorded in Brazoria County, which record designates the place on an animal where such brand shall be placed, another owner may not have the same brand recorded to be placed at the same designated place on an animal; but may record the same figure, letter or character to be placed at a different designated place on such animal.

                              Very truly yours,

                              ATTORNEY GENERAL OF TEXAS

                              By *[signature]*
                              W. T. Williams
                              Assistant

WTW:wb


                              APPROVED:

                              *[signature: Fagan Dickson]*
                              FIRST ASSISTANT
                              ATTORNEY GENERAL